4

BEVERLY ELIZABETH THOMAS ROTZIN, APPELLANT, V. A. R.
MILLER ET AL., APPELLEES.
274 N. W. 190

FILED JUNE 18, 1937.   No. 29976.

*Lower & Sheehan,* for appellant.

*Reeder & Reeder, contra.*

Heard before GOSS, C. J., ROSE, GOOD, DAY, PAINE and CARTER, JJ., and BLACKLEDGE, District Judge.

ROSE, J.

This is a suit in equity by Mrs. Beverly Elizabeth Thomas Rotzin, plaintiff, to require A. R. Miller, William H. Thomas and Thomas D. Thomas, defendants, to account to her for a trust fund of $5,000 which her grandfather, David Thomas, willed to her in their care as trustees during her minority. Defendants admitted receipt of the trust fund, pleaded faithful execution of the trust and a willingness to turn over to plaintiff alleged trust property in their hands, including a deed for land and some diversified securities in small amounts. Upon a trial of the cause, the district court found the issues in favor of defendants, charged plaintiff with an overdraft of $146.55, with $50 for services in excess of other claims for compensation, with $200 for attorneys' fees for defending the suit, made the sum of the three charges, or $396.55, a lien on the trust property and entered a decree in favor of defendants. Plaintiff appealed.

There is no pertinent evidence in dispute. What equity requires of the trustees in view of the material facts established is the question presented by the appeal.

David Thomas, grandfather of plaintiff and father of the defendants Thomas, died January 31, 1928, leaving a will bequeathing in the third paragraph to each of five grandchildren $5,000, plaintiff, a minor, being one of them. These bequests of testator were subject to the following conditions:

"All who may be minors shall have their said $5,000 held in trust by my executors together with accumulations thereto until they shall reach their majority."

The will appointed William H. Thomas and Thomas D.

Thomas, sons of testator, and his friend A. R. Miller, executors, and contained also the following provisions:

"I hereby authorize and empower the trustees hereunder to do any and all things necessary in the furtherance of their duties in court or otherwise in protecting the interests in their hands and I hereby authorize and empower my executors hereinafter named to sell, bargain, grant and convey any or all property of my estate and convert the same into cash in order to meet the bequests and conditions of this will, without order of the court."

The will was duly probated and the probate court directed the executors to set apart to themselves as trustees for the infant grandchildren $25,000 to be held by such trustees under the terms and conditions of the third paragraph of the will. October 25, 1929, defendants received for plaintiff $5,000 from the estate of testator and gave in writing a receipt therefor. Plaintiff was 14 years of age when her trust money fell into the hands of defendants. She married Walter Rotzin August 12, 1933, and then reached her majority. Comp. St. 1929, sec. 38-101. She received from time to time in small amounts $1,250, but never received the corpus of the trust, though the tenure of the trustees under the will was until she reached her majority, a period long since expired. Testator, by the terms of his will, imposed on the trustees named by him to administer the trust after his death the strict accountability of fiduciaries. A bond was required for the faithful performance of duties. In addition, the will itself reminded the trustees of the ties of blood and friendship, for it names two sons and a friend, the latter with a long experience in banking and in administering trust estates. Before this litigation ensued, an attorney for plaintiff importuned defendants in a courteous manner to settle this controversy according to recognized standards of equity and justice. They declined to do so and stood on their own standards of accountability and on what they had done. When required to account in a court of equity, they offered to deed to plaintiff a quarter-section of land in Antelope

county as a credit of $4,000, to assign to her 30 diversified securities, and to surrender the remainder as shown by their own accounts which they introduced in evidence.

This land was not a part of testator's real estate and proved to be a poor investment. When it was encumbered by a 4,000-dollar mortgage defendants bought the lien in the name of a corporation called "Miller Allied Securities Company," trustee, before they qualified as trustees. Mortgagors made default in payment of their debt and later deeded the land, subject to the mortgage, to the Miller Allied Securities Company, trustee, but not naming the beneficiary. The title never stood in the name of plaintiff nor in the name of defendants as trustees for her. The title papers were in possession of the corporation named as grantee but were not earmarked as evidencing plaintiff's ownership. The grantee named in the deed is not plaintiff's trustee. Plaintiff had no connection with the transaction or with the corporation. The $5,000 and accumulations that belonged to plaintiff were to be held by defendants, as trustees, until she reached her majority, not by the grantee in the deed. Personal duties and responsibilities of sons and friend as trustees were what the will, the order of the probate court and equity required. They did not deal with the title in their own names as trustees or in the name of plaintiff as beneficiary. The deed to the corporation was not recorded. Plaintiff is not required to know at her peril that the corporation can convey the title or that mortgagors did not sell the land to an innocent purchaser after they disposed of their interests. If defendants can effectively direct the corporation to do as they wish, they nevertheless kept the title in such a condition as to enable them to sell the land at a profit, if possible, and unload it on plaintiff, if of little or no value. Some of the other property listed in their account as belonging to the trust estate is in a similar situation. Defendants are in no better situation than that of trustees who mingle trust funds with their own. The rules of equity that determine the accountability of defendants on the undisputed facts

of this case have been stated in definite terms as follows:

"In a court of equity the accountability of a trustee for the safe-keeping and investment of trust money is not measured by his own conceptions of duty, where they conflict with fundamental principles of justice essential to the protection of trust property and of the estate of deceased persons.

"It is the duty of a trustee accepting money for the purpose of safe-keeping and investment to account for the investments and income, to report his fiduciary transactions to the beneficiary, and to surrender the trust funds in his hands upon the termination of the trust relation." *Baird v. Lane,* 115 Neb. 413, 213 N. W. 512.

"The violation by a trustee of a duty laid upon it by law, whether wilful and fraudulent, or done through negligence or arising through mere oversight or forgetfulness, is a breach of trust." *Masonic Bldg. Corporation v. Carlsen,* 128 Neb. 108, 258 N. W. 44.

"When an agent voluntarily admits receipt of his principal's property or money, the burden of showing that he made proper disposition of it rests upon the agent.

"Where a trustee or agent deals with his trust in the name of another, or by means of an agency, corporate or otherwise, which he himself controls, he will be deemed in legal effect to have transacted such business as in his individual name, and as in his proper person.

" 'Unless otherwise agreed, an agent receiving or holding things on behalf of his principal is subject to a duty to the principal not to receive or deal with them so they will appear to be his own, and not so to mingle them with his own things as to destroy their identity.' Restatement, Agency, 900, sec. 398.

"Unless the circumstances indicate otherwise, it is inferred that an agent employed to act for the principal is to act in the principal's name, and is to have title to anything obtained for the principal vested in the principal's name." *In re Estate of Boschulte,* 130 Neb. 284, 264 N. W. 881.

According to these wholesome rules of equity, defendants did not perform their duties as trustees, or transact the business of the trust in the manner provided by law, or keep proper accounts, or hold the corpus of the trust in the name of the beneficiary or in their own names as trustees for the beneficiary, or fully inform her of their fiduciary transactions or turn over to her the trust property within a reasonable time after she reached her majority. By breach of trust and neglect of duty, they brought on plaintiff the burdens of litigation. Consequently, they are not entitled to compensation for services or to expenses or to costs or to fees of attorneys for defending the suit. *Baird v. Lane,* 115 Neb. 413, 213 N. W. 512. Plaintiff is entitled to a judgment against defendants for $5,000 with interest thereon at the legal rate from October 25, 1929, less payments received by her, and to costs in both courts. The judgment below is reversed and the cause remanded to the district court, with directions to enter judgment on the record as it stands in conformity with the conclusions herein stated.

REVERSED.